UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MAGGIE LEWIS-BUTLER,** | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 18-2433 (CKK)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

**PLAINTIFF'S STATUS REPORT AND MOTION TO SET
FINAL STATUS HEARING TO SET PRETRIAL DEADLINES**

**I.   Status Report**

By August 9 Minute Order, the Court instructed the parties to by today submit a joint status report indicating proposed next steps in this case, including the parties' positions on pursuing ADR or moving to a pre-trial schedule. Although this Status Report strives to faithfully relay Defendant's position as last conveyed to Plaintiff, it is technically filed on behalf of Plaintiff only, as instructed by defense counsel when he declined to continue cooperating late this afternoon, the date that this filing is due.

Plaintiff hereby requests that the Court set a final status hearing, as described in the Court's Scheduling and Practices Order,[1] as soon as practicable in order to put this case on a pre-trial schedule. Although Defendant has indicated that it has some interest in mediating this case, bluntly, it does not seem particularly serious about the matter. When the subject of mediation was first discussed, Plaintiff agreed to the prospect, on the condition (1) that Defendant agree to proceed to mediation within 60 days and (2) that the parties

---

[1] In this case, ECF No. 20.

simultaneously set a firm date for the final status hearing. (Ex. 1, Emails re: Joint Status Report,[2] at 4). Accordingly, Plaintiff proposed that the parties file the Joint Status Report attached as Exhibit 2.

As Plaintiff understands it, Defendant would like to set only a mediation date for the time being. (*See generally* Ex. 1). Defendant is not convinced that it can commit to such a date within the next 60 days. (*See generally* Ex. 1). Defendant flatly refuses to simultaneously set a date for a final status hearing. (*See generally* Ex. 1).

The reason Plaintiff desires to set both a mediation date within 60 days and a final status hearing date within roughly 90 days is no mystery—it is precisely what undersigned counsel conveyed to defense counsel:

> [T]he long and short of it is that while I don't mind any formatting/somewhat non-substantive changes you wish to make, we cannot agree to anything that does not include ¶ 2 from the draft I sent you. We have every hope that this is a case that can be resolved through mediation. **However, our client is 81 years old and this case has been pending a long time.** We need a firm date on the calendar for the final status conference—I have no latitude to negotiate on that point.

(Ex. 1 at 2-3). Ms. Lewis-Butler was injured by the hazard at the Museum nearly five years ago, in December 2017, at which time she was 76 years old. She is now 81 years old. This case was filed in October 2018. She very much does **not** want to suffer through any further delay as a result of halfhearted settlement overtures. However, Plaintiff remains fully willing

---

[2] It will be noted that one email from defense counsel to undersigned counsel is redacted because it was identified by defense counsel as a confidential settlement communication. (Ex. 1 at 6). Undersigned counsel believes it to be a purely benign, administrative communication regarding scheduling matters connected to the filing of the joint status report as instructed by the Court; however, out of an abundance of caution, it has been redacted for the time being.

to engage in good-faith settlement discussions with or without the formal mediation process. Again, this was explicitly conveyed to defense counsel:

> And I understand your point about it perhaps not being feasible to schedule mediation within 60 days.  If we can't, we can't.  But if that is the case, then Plaintiff would prefer to get on a pretrial schedule.  Even outside the bounds of formal mediation, we would of course remain open to informal settlement discussions—I think we can all agree that neither liability nor damages are particularly complicated in this case.

(Ex. 1 at 1).  In response to that suggestion, defense counsel declined to continue cooperating to prepare a joint status report and instead instructed undersigned counsel to file this report alone.  (Ex. 1 at 1).

## II. Plaintiff moves the Court to set a final status hearing as soon as practicable.

For the reasons set forth above, Plaintiff's priority at this point is to get her case on a pretrial schedule.  To that end, she respectfully requests that the Court set the final status hearing for the earliest date available on its calendar.

## III. In the alternative, Plaintiff moves the Court to set a final status hearing in the 60- to 90-day range while simultaneously referring the parties to mediation between now and then.

In the alternative, if the Court deems it more prudent, Plaintiff remains willing to engage in formal mediation along the terms previously proposed to Defendant (*see* Ex. 2):

1. That the Court refer the parties to mediation with one of the Court's magistrate judges, to be conducted remotely via videoconferencing (Plaintiff resides in Florida) on a mutually agreed date between now and Friday, November 4.

2.  That the Court also set a final status hearing—at which dates for the pretrial conference, motions *in limine*, *voir dire*, and trial will be set as described in the Court's March 12, 2020, Order—on one of the following dates:

   a.  November 7, 8, 9, 18, 28, or 30; or

   b.  December 1 or 2.

## IV. Conclusion

Plaintiff respectfully reiterates that it is her sincere desire and firm priority to get her case on a pretrial schedule, whether on the terms outlined in Section II or Section III, above. For the reasons set forth above, Plaintiff respectfully requests that the Court grant her motion to set a final status hearing.

Dated: September 9, 2022

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By: /s/ *Christopher J. Regan*
Patrick M. Regan         #336107
pregan@reganfirm.com
Christopher J. Regan     #1018148
cregan@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*