UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE LEWIS-BUTLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Civ. A. No. 18-2433 (CKK) |

**DEFENDANT'S STATUS REPORT**

Defendant submits this Status Report in response to the Court's Minute Order dated September 12, 2022. Based on the parties' email communications last week, Defendant had understood that the parties were planning to file a joint status report in which the parties would jointly request a 60-day stay and referral to a magistrate judge for mediation purposes. Defendant had further understood that the joint status report that Plaintiff would be filing on behalf of both parties would include separate scheduling proposals from each party on a schedule for further proceedings, if no agreement could be reached during the sixty-day stay.

Instead, Plaintiff filed a status report and motion on behalf of Plaintiff only requesting that the Court set a final status hearing as soon as practicable to put this case on a pre-trial schedule. ECF No. 33. Plaintiff attached as an exhibit to its status report a copy of the parties' email communications. ECF No. 33-1. The email exchanges that Plaintiff attached to its filing provide an incomplete summary of the parties' meet and confer discussions because Plaintiff included only its initial draft joint status report and omitted the proposed joint status report that Defendant sent as an attachment to those emails. As reflected in Plaintiff's initial draft, Plaintiff proposed that the parties jointly request that the Court "refer the parties to mediation with one of

the Court's magistrate judges, to be conducted remotely via videoconferencing . . . on a mutually agreed date between now and Friday, November 4." ECF No. 33-2.  Plaintiff also proposed that the parties jointly request that the Court set a date for a final status conference in November or December to establish pretrial and trial deadlines.  *Id.*

Defendant attaches as Exhibit 1 the draft Joint Status Report that Defendant sent to Plaintiff on September 8 at 8:06 PM.  As reflected in Defendant's revised draft and contemporaneous email communications, Defendant agreed to join Plaintiff's request for a sixty-day stay and referral to mediation.  Defendant's draft stated that the parties "plan to request that the assigned magistrate judge schedule the first mediation session within the next 60 days if the magistrate judge has the availability." Ex. 1 at 1.  Because of potential scheduling constraints, Defendant's proposal stopped short of a full commitment that mediation be scheduled with a magistrate judge and completed within sixty days.  Additionally, Defendant proposed that the Court direct the parties to file a joint status report by November 7, 2022, that included recommendations from the parties on whether the Court should extend the stay and mediation referral.

Contrary to Plaintiff's statement in the Status Report filed with the Court, Defendant is interested in exploring a potential resolution through good-faith negotiations in mediation, before the Court establishes a pretrial and trial schedule.  Defendant has conveyed this sentiment to Plaintiff in multiple communications.  Defendant has also expressed a willingness to try to find a date for a mediation with the assigned magistrate judge within the next 60 days.  Whether that happens will depend on the assigned judge's availability during the next 60 days.  It will also depend, to some degree, on counsel availability.  Defendant's counsel is managing a large caseload with many briefing, discovery, and filing deadlines scheduled within the next 60 days.

Additionally, the parties will need to prepare and submit confidential mediation statements, which will take time as well. Therefore, Defendant did not join Plaintiff's request that the Court order the magistrate judge and the parties to complete mediation within 60 days. Additionally, Defendant believes it is premature for the Court to establish a schedule for pretrial and trial. That said, Defendant and its counsel understand Plaintiff's interest in completing mediation within the next 60 days. Defendant and its counsel will make reasonable, good-faith efforts to get a mediation date scheduled within the 60-day stay period, if the assigned magistrate has a date available within that time frame.

      Therefore, Defendant requests that the Court stay these proceedings for sixty days, and defer establishing a pre-trial schedule, to refer this matter to mediation with one of the Court's magistrate judges. A copy of Defendant's proposed scheduling order is attached.

Dated: September 13, 2022
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ Daniel P. Schaefer*
DANIEL P. SCHAEFER, D.C. Bar # 996871
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

*Counsel for Defendant*