UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAGGIE LEWIS-BUTLER,<br><br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | Civil Action No.<br>18-cv-2433-CKK |

## MEDIATION STANDING ORDER

This matter has been referred to the Court for the purpose of mediation. A settlement conference has been scheduled for **Wednesday, November 9 at 2:00 PM**. Accordingly, it is hereby

**ORDERED** that the settlement conference shall be attended by an authorized representative of each party involved, together with trial counsel. It is essential that each party present, or in the case of a corporation, partnership, or government entity, a representative, has complete authority to enter into a binding settlement. A person with complete authority is someone who has full settlement authority without having to consult with anyone who is not in attendance. Attendance by the attorney for a party is not sufficient. When the settlement decision will be made in whole or in part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions unless the party requests an exception and the Court grants it for good cause shown. A corporate party shall send a representative with full and complete authority to bind the company unless the Court grants an exception for good cause shown. A governmental entity shall send a representative authorized to act on its behalf. A party seeking an exception must contact the Court via the law clerk identified below at least seven (7)

days before the scheduled settlement conference. Please note that individuals who are not a party to the case will not be permitted to attend the settlement conference. It is further

**ORDERED** that the plaintiff shall submit a written demand to the defendant two weeks prior to the settlement conference. The defendant shall submit a written response to the plaintiff within one week of receiving the demand. The demand and response shall be included in the *ex parte* letters submitted to the Court detailed below. Failure to comply with these requirements may result in the postponement of the settlement conference or the imposition of sanctions or both. It is further

**ORDERED** that the parties shall each provide to the Court, *ex parte*, a short confidential mediation statement by close of business seven (7) days prior to mediation. The statement will be solely for the Court's use in preparing for the settlement conference. In these statements, the parties **shall** each include:

- (a)  the name, title, and contact information of each person who will be participating in the mediation on behalf of that party and designate which individuals have settlement or negotiating authority;

- (b)  a **candid** assessment of the major legal and factual issues in the case, including the strengths and weaknesses of the claims and/or defenses raised;

- (c)  if discovery has not been completed, an explanation of whether the exchange of any documents or records prior to mediation would make the mediation session more productive and a specific description of those documents or records;

- (d)  the potential monetary exposure of any applicable damages and/or attorney's fees claims;

- (e)  a history of previous settlement negotiations, including the plaintiff's written demand and defendant's counterproposal, detailed above;

- (f)  an estimate of attorneys' fees and costs of litigation through trial;

- (g)  the party's ideas on how the case could be resolved at this juncture;

- (h)  any impediments to settlement that the party perceives; and,

  (i) copies of cases or exhibits a party would like the Court to review, if any.

The mediation statements should be no longer than ten (10) pages double-spaced and should contain enough information to be useful to the Court in analyzing the factual and legal issues in the case. The parties are directed to be candid in their mediation statements. The mediation statement should be sent via email to the law clerk identified below. It is further

  **ORDERED** that, in the event a participant requires any accommodation during mediation, the parties shall notify the Court at least three weeks prior to the mediation.

  The parties are further advised of the following:

(a) Participants in the mediation should refrain from scheduling other matters or appointments on the date of the mediation, including into the evening. If any party will be traveling to the District of Columbia for the mediation, no return travel plans should be made on the day of the mediation.

(b) The settlement conference process will be confidential, and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. §652(d). The American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) which precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client **before** appearing for the settlement conference.

(c) Unless the Court provides other instructions, the settlement conference will take place in Courtroom 5 of the E. Barrett Prettyman United States Courthouse located at 333 Constitution Avenue N.W., Washington, D.C. 20001. The nearest Metro stop is Judiciary Square on the Red Line.

  **SO ORDERED.**

Date: October 5, 2022

                  _____
                  MOXILA A. UPADHYAYA
                  UNITED STATES MAGISTRATE JUDGE

**Assigned Law Clerk:**
David Wasserstein
202-354-3239
david_wasserstein@dcd.uscourts.gov